1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                               **DISTRICT OF NEVADA**

8

TYCE HELDENBRAND,                          )
9                                          )
                  Plaintiff,               )
10                                         )          2:12-cv-01562-RCJ-PAL
           vs.                             )
11                                         )
MULTIPOINT WIRELESS, LLC et al.,           )          **ORDER**
12                                         )
                  Defendants.              )
13    _____  )

14         This case arises out of the termination of a construction manager.  Pending before the

15   Court are Plaintiff's motion to remand and Defendants' motion to dismiss.  For the reasons given

16   herein, the Court denies the motion to remand and grants the motion to dismiss, with leave to

17   amend.

18   **I.     FACTS AND PROCEDURAL HISTORY**

19         Defendants Multipoint Wireless, LLC and Ericsson, Inc. offered Plaintiff Tyce

20   Heldenbrand a position in Las Vegas as a cell tower construction manager at a salary of $100,000

21   per year. (Compl. ¶ 10).  Plaintiff moved from Kentucky to Las Vegas, Nevada to begin work in

22   the summer of 2011, but upon arriving in Las Vegas, Defendants informed him for the first time

23   that he would be working the "graveyard" shift from 7:00 p.m. to 8:00 a.m. (*Id.* ¶¶ 9–11).

24   Plaintiff complained immediately and was unable to complete night shifts without sleep, but

25   when the "recruiter" notified "upper management" on Plaintiff's behalf, upper management

1   refused to allow Plaintiff to work days. (*Id.* ¶ 14–15).  Plaintiff also discovered violations of local

2   permitting requirements, and the day after he reported some violations, Defendants fired him. (*Id.*

3   ¶¶ 16–19).

4          Plaintiff sued Defendants in state court on six causes of action: (1) violation of NRS

5   section 613.010; (2) promissory estoppel; (3) promissory fraud; (4) negligent misrepresentation;

6   and (5)–(6) retaliatory discharge.  Defendants removed based upon diversity.  Plaintiff has moved

7   to remand for failure to satisfy the amount-in-controversy requirement.

8   **II.     LEGAL STANDARDS**

9          **A.     Amount in Controversy**

10          Assuming complete diversity, federal courts have jurisdiction over state claw claims

11   where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).  Where a complaint

12   specifies no precise amount of damages, a removing defendant bears the burden of showing by a

13   preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v.*

14   *Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

15          **B.     Dismissal**

16          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

17   claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

18   what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

19   (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

20   that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

21   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

22   F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

23   failure to state a claim, dismissal is appropriate only when the complaint does not give the

24   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

25   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

1   sufficient to state a claim, the court will take all material allegations as true and construe them in

2   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

3   Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

4   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

5   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

6   with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own

7   case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

8   (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

9   pleads factual content that allows the court to draw the reasonable inference that the defendant is

10  liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule

11  8(a), a plaintiff must do more than specify the legal theory under which he seeks to hold a

12  defendant liable; he also must identify the theory of his own case so that the court can properly

13  determine not only whether any such legal theory exists (*Conley* review), but also whether he has

14  any basis for relief under such a theory even assuming the facts are as he alleges (*Twombly-Iqbal*

15  review).

16        "Generally, a district court may not consider any material beyond the pleadings in ruling

17  on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

18  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

19  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

20  whose contents are alleged in a complaint and whose authenticity no party questions, but which

21  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

22  motion to dismiss" without converting the motion to dismiss into a motion for summary

23  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

24  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

25  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

1  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

2  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

3  2001).

4  **III.   ANALYSIS**

5       **A.      Motion to Remand**

6       Plaintiff argues that compensatory damages are only $8333, or one month's pay.  He also

7  argues that although he has asked for emotional distress damages, punitive damages, and

8  attorney's fees, there is no evidence as to what these damages should be.[1]  Defendants respond

9  that Plaintiff has alleged a salary of over $100,000 per year and that he was seeking "expectation

10  damages for the loss of the benefit of his bargain, incidental and consequential damages."

11      The Court is convinced by a preponderance of the evidence that the amount in

12  controversy exceeds $75,000.  The question is not answered by the amount prayed for in a

13  complaint.  In Nevada, a plaintiff must include in his complaint a recital that he seeks in excess

14  of $10,000 in order to invoke the general jurisdiction of the district court and avoid the limited

15  jurisdiction of the justice court, whether he in fact seeks $10,000.01 or $10,000,000,000.  That

16  number is therefore meaningless to the amount-in-controversy for the purposes of a diversity

17  analysis.  Here, Plaintiff has asked for all of Defendants' promises to him to be enforced via the

18  promissory estoppel claim and will most certainly ask the jury for the full amount of the contract.

19  If Defendant were to prevail on the theories he has presented, he would be entitled to at least

20  $100,000 in compensatory damages alone.  Also, the Nevada punitive damages statute provides

21  for up to $300,000 dollars in cases where compensatory damages do not exceed $100,000.  *See*

22  Nev. Rev. Stat. § 42.(1)(b).  The Court will not remand.

23  ///

24  ———————————————

25       [1]Plaintiff does not challenge that these measures of relief are all included in an amount-in-controversy calculation.

**B.      Motion to Dismiss**

Defendants ask the Court to dismiss Plaintiff's first through fourth claims for violation of

NRS section 613.010, promissory estoppel, promissory fraud, and negligent misrepresentation.

Defendants do not move against the fifth and sixth claims for retaliatory discharge.  Defendants

argue that the four challenged claims are based upon promissory or fraud theories, but that

Plaintiff has admitted in the Complaint that his expectations of working during the daytime under

the contract as opposed to during the nighttime were subjective and not based upon any

representations by Defendants.  Defendants note that the only two representations pled are that

Defendants told him he would be employed as a construction manager and that he would be

compensated in the amount of $100,000 per year. (Compl. ¶ 10).  The requirement to work at

night was omitted form any representations, though Defendants knew of the requirement. (*Id.* ¶

13).  Defendant notes that Plaintiff never asked about the working hours, but rather assumed they

would be during the day, and that he never revealed any inability to work at night or sleep during

the day.

**1.      Section 613.010**

Nevada Revised Statutes section 613.010 makes it unlawful for an employer to persuade

a worker to change his location through false representations concerning, *inter alia*, the character

of the work or conditions of employment. *See* Nev. Rev. Stat. § 613.010(1)(a), (c).[2]  Defendants

---

[2]Defendants are correct that the time of day of the work is probably irrelevant to the
character of the work in most instances.  "Character" means, *inter alia*, "main or essential nature
especially as strongly marked and serving to distinguish." Merriam Webster Online Dictionary (5
Oct., 2012, 10:45 AM), http://www.merriam-webster.com/dictionary/character.  It is unlikely that
the nature of the task of supervising construction of cell towers is essentially changed during
hours of darkness, but the conditions of the work are surely changed during hours of darkness.
The Court rejects Defendants' argument that day versus night hours does not fall under "sanitary
or other conditions of . . . employment."  Defendants note that the time of work does not relate to
sanitary conditions.  This is true, but it does relate to "other" conditions.  "Other" cannot be
textually limited to some narrow genus by "sanitary" alone, because there is no second term
listed along with "sanitary" in subsection (1)(c) from which a limiting genus can be reasonably

1  argue Plaintiff has not alleged Defendants made any false representations, but only that they

2  failed to inform him of a condition that he assumed did not apply.  The Court finds that Plaintiff

3  has not sufficiently pled a false representation by omission. *See* discussion *infra*, Part III.B.3.

4        The Nevada Supreme Court has not addressed the issue of whether section 613.010

5  claims must be pled with particularity under Rule 9(b), but another court of this District has

6  assumed they must be. *See Cundiff v. Dollar Loan Center, LLC*, 726 F. Supp. 2d 1232, 1240 (D.

7  Nev. 2010) (Pro, J.).  In this case, where the alleged misrepresentation consists of an omission,

8  Plaintiff must plead "(1) precisely what was omitted; (2) who should have made a representation;

9  (3) the content of the alleged omission and the manner in which the omission was misleading;

10  and (4) what [the defendant] obtained as a consequence of the alleged fraud." *Republic Bank &*

11  *Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 256 (6th Cir. 2012).  Plaintiff has alleged

12  that the fact of nighttime hours were omitted, that both Defendants should have informed him of

13  this fact during their communications with him, that the omission was misleading because

14  daytime work in this field is the normal practice, and that Defendants gained his work (for a

15  couple days at least) as a consequence (and that he was deprived of the benefit of the bargain,

16  which is likely not an appropriate measure of damages under a fraud claim—Plaintiff's damages

17  under the fraud claim are more likely measured by his lost opportunities and the price of his

18  inconveniences).

19        The Court will dismiss the claim, with leave to amend, however, because Plaintiff has

20  alleged no duty to disclose.  Also, it is consistent with the Complaint that Plaintiff did not ask

21  about the work hours.  Nor is it alleged that daytime work hours in this line of work are universal

22

23  ascertained. *See* Antonin Scalia & Brian A. Garner, *Reading Law: The Interpretation of Legal*

24  *Texts* 206 (2012).  In circumstances such as these, where "other" follows a single example, "other" should be read as broadly as it reasonably can be.  The Court finds that the time of day

25  that the work is to be performed comfortably fits within "other conditions of . . . employment." *See* Nev. Rev. Stat. § 613.010(1)(c).

1   or nearly so, such that Plaintiff would be justified in presuming daytime work hours in the face of

2   silence on the issue, but only that daytime work hours are more common than nighttime work

3   hours.

4         **2.      Promissory Estoppel**

5           To establish promissory estoppel four elements must exist: (1) the party to be
6   estopped must be apprised of the true facts; (2) he must intend that his conduct shall
    be acted upon, or must so act that the party asserting estoppel has the right to believe
    it was so intended; (3) the party asserting the estoppel must be ignorant of the true
7   state of facts; (4) he must have relied to his detriment on the conduct of the party to
    be estopped.

8   *Cheqer, Inc. v. Painters & Decorators Joint Comm., Inc.*, 655 P.2d 996, 998–99 (Nev. 1982).

9   promissory estoppel is a substitute for consideration, where a lack of consideration would

10  otherwise prevent the finding of an enforceable contract; it is *not* a substitute for terms in an

11  otherwise enforceable agreement. *See Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989)

12  ("The doctrine of promissory estoppel, which embraces the concept of detrimental reliance, is

13  intended as a substitute for consideration, and not as a substitute for an agreement between the

14  parties.").  Plaintiff argues that the other party failed to inform him of a condition of work under

15  the contract that he assumed did not exist.  Although fraud can result from an omission,

16  promissory estoppel will not result from silence.  There is such a theory as "estoppel by silence,"

17  but it is a defensive theory, as when a person who has remained silent when another purchases

18  goods to which he has title may not thereafter claim that his title is superior to the purchaser's.

19  *See* 28 Am. Jur. 2d *Estoppel and Waiver* § 57 (2012).  Promissory estoppel requires a "definitive

20  promise." *See Vancheri*, 777 P.2d at 369.  The Court will dismiss this claim, with leave to

21  amend.

22        **3.      Promissory Fraud**

23      "Promissory fraud," as it is sometimes called, is simply a fraud claim where the fact about

24  which the tortfeasor deceives the victim is the tortfeasor's intention not to perform from the

25

1    outset. *See Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992) (citing *Webb v. Clark*, 546

2    P.2d 1078 (Or. 1976)).  The standard elements of fraud apply: (1) a false representation by the

3    defendant; (2) the defendant's knowledge or belief that the representation is false (or insufficient

4    basis for making the representation); (3) the defendant's intention to induce reliance; (4) the

5    plaintiff's justifiable reliance; and (5) resulting damage. *Id.*

6          Defendant argues that Plaintiff has failed to plead any false representation.  "Generally,

7    an action in deceit will not lie for nondisclosure.  For a mere omission to constitute actionable

8    fraud, a plaintiff must first demonstrate that the defendant had a duty to disclose the fact at

9    issue." *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (1998) (citing *Epperson v. Roloff*, 719 P.2d

10   799, 803 (Nev. 1986)) (citation omitted), *overruled on other grounds by GES, Inc. v. Corbitt*, 21

11   P.3d 11 (Nev. 2001).  However, such a duty can arise from a fiduciary relationship or a

12   relationship of special confidence. *See id.*  "A party's superior knowledge thus imposes a duty to

13   speak in certain transactions, depending on the parties' relationship.  'Nondisclosure will become

14   the equivalent of fraudulent concealment when it becomes the duty of a person to speak in order

15   that the party with whom he is dealing may be placed on an equal footing with him'" *Id.* (quoting

16   *Mackintosh v. Jack Matthews & Co.*, 855 P.2d 549, 553 (Nev. 1993) (quoting *Mancini v. Gorick*,

17   536 N.E.2d 8, 9–10 (Ohio Ct. App. 1987))).  Also, "a duty to disclose may arise from 'the

18   existence of material facts peculiarly within the knowledge of the party sought to be charged and

19   not within the fair and reasonable reach of the other party.'" *Id.* (quoting *Villalon v. Bowen*, 273

20   P.2d 409, 415 (Nev. 1954)).  Plaintiff here has not plausibly asserted a fraud by omission claim.

21   Nor has he plausibly alleged that Defendants concealed an intention not to perform (promissory

22   fraud).  Plaintiff has alleged that Defendants concealed the known fact of nighttime working

23   hours.  But he has not sufficiently pled facts giving rise to a fiduciary relationship or a similar

24   duty to make this disclosure absent an inquiry.  The Court will dismiss, with leave to amend.

25   ///

**4.     Negligent Misrepresentation**

Under Nevada law, a claim for negligent misrepresentation requires a plaintiff to plead: 1) a representation that is false; 2) that the representation was made in the course of the defendant's business or in any action in which he has a pecuniary interest; 3) the representation was for the guidance of others in their business transactions; 4) the representation was justifiably relied upon; 5) that such reliance resulted in pecuniary loss to the relying party; and 6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information.

*G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006) (Ezra, J.).  For the same reasons that the fraud (intentional misrepresentation) claim does not survive, the Court will also dismiss this claim, with leave to amend.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED, with leave to amend.

IT IS SO ORDERED.

Dated this 18th day of October, 2012.

_____
ROBERT C. JONES
United States District Judge